UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| MEGAN MCGUIRE, | ) |
| | ) Case No. 8:16-cv-00004 |
| Plaintiff, | ) |
| | ) |
| v. | ) Senior Judge Joseph F. Bataillon |
| | ) |
| CORY COOPER, TIMOTHY F. DUNNING, Individually and in his official capacity as Sheriff of Douglas County, Nebraska, and DOUGLAS COUNTY, | ) Magistrate Judge Thomas D. Thalken |
| | ) |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

## QUALIFIED HIPAA PROTECTIVE ORDER

Under Federal Rule of Civil Procedure 26(c), the Health Insurance Portability and Accountability Act of 1996 codified primarily at 18, 26 and 42 U.S.C. and 45 C.F.R. §§ 160 & 164, the Court finds for good cause shown:

1. The following words and terms are defined for purposes of this protective order:

    a. "Parties" shall mean the plaintiff, the defendants, and any additional party that this Court may subsequently recognize as subject to this qualified protective order, as well as their attorneys.

    b. "HIPAA" shall mean Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 & 42 U.S.C. (2002).

    c. "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. See 45 C.F.R. §§ 160 & 164 (2000).

    d. "PHI" shall mean protected health information, as that term is used in HIPAA and the Privacy Standards. "PHI" includes, but is not limited to, health information, including demographic information, relating to: (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment

        for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

    e. When used in this Order, the word "document" or "documents" means all written, recorded or graphic matter whatsoever, produced by a party pursuant to discovery, including but not limited to, documents produced by any party or non-party in this action whether pursuant to Federal Rule of Civil Procedure 34, subpoena, or by agreement, deposition transcripts and exhibits and/or any portion of any court filings that quote from or summarize any of the foregoing.

2. This Order governs all discovery related to the exchange or dissemination of information or the production of documents regarding the Plaintiffs designated as PHI.

    a. The Parties shall be familiar with HIPAA and the Privacy Standards.

    b. The Parties recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit PHI of parties, third parties, and non-parties to other parties, third parties and non-parties.

3. The Parties shall be subject to the following terms and conditions:

    a. The Parties anticipate that during the course of this litigation, one party may seek Plaintiffs' PHI.

    b. This Protective Order shall extend to PHI documenting the medical and mental health of Plaintiffs.

    c. If such records are sought, the party seeking such records agrees to comply with all applicable notice requirements imposed under HIPAA and/or any other state or federal law (including the Federal Rules of Civil Procedure) prior to seeking such records, and the party for whom records are being sought agrees to cooperate in providing the requesting party with the necessary releases for such records from the covered entity or entities specifically identified in his or her interrogatory answers, supplementary disclosures, or deposition testimony.

    d. Any party seeking another party's PHI shall instruct the entity to whom the records request is issued to produce all such records directly to the attorney of record for the patient/party in this matter and not to the requesting party.

    e. No person's PHI shall be produced to any other person or party unless and until the attorney of record for such patient/party has been afforded an opportunity to assert any applicable privilege or protection as to any part of those records. Once the attorney of record for the patient/party receives the PHI from a covered entity pursuant to another party's request under this order, such attorney shall have fourteen (14) days to review such records, to produce to the requesting party all records for which no privilege is invoked, and to produce to the requesting party a complete privilege log describing any records for which a particular privilege is invoked. Any challenges to the invocation of a privilege shall be discussed by the parties and, if no agreement can be reached, the requesting party may request an in camera review of such records by this Court to determine the appropriate applicability of such privilege.

4. The Parties shall not use or disclose the PHI released in this proceeding for any other purpose or in any other proceeding.

5. The Parties will store all PHI while it is in their possession according to the Privacy Standards.

6. The individual pages of each document constituting PHI shall bear the following designation:

> **CONFIDENTIAL: DOCUMENT PRODUCED PURSUANT TO PROTECTIVE ORDER ENTERED IN CASE NO. 8:16-cv- 00004**
>
> or
>
> **CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

No document containing the "confidential" stamp shall be produced or copied in whole or in part without the "confidential" stamp appearing on the production or the copy.

7. Before disclosing PHI documents to any persons involved in the litigation, including but not limited to counsel, co-counsel, counsel's staff, or expert or consulting expert witnesses retained in connection with the litigation, counsel will be responsible for informing each such person that the documents or information containing PHI to be disclosed are confidential, must be held in confidence, may to be used solely for the purpose of preparing for this litigation, and that these restrictions are imposed by a court order, and counsel shall provide any such person with a copy of this Protective Order.

8.   Nothing in this Protective Order shall be deemed a waiver of the right of any party to object to a request for discovery on the basis of relevance, materiality, privilege, overbreadth, or any other recognized objection to discovery.

9.   The Parties shall, at the termination of this proceeding, return all PHI obtained during the course of this proceeding to the attorney representing the person whose PHI was released during the course of this proceeding, and/or dispose of any PHI retained thereafter pursuant to the Privacy Standards.

10.  This Protective Order may be modified by further written stipulation signed by the Parties with approval of this Court or by further order of this Court upon application to the Court with notice.

So ORDERED this \_\_26th\_\_ day of \_\_August\_\_, 2016.

_____
U.S. ~~District~~ Judge
Magistrate