UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| MEGAN MCGUIRE, | ) |
| | ) Case No. 8:16-cv-00004 |
| Plaintiff, | ) |
| | ) |
| v. | ) Senior Judge Joseph F. Bataillon |
| | ) |
| CORY COOPER, TIMOTHY F. DUNNING, Individually and in his official capacity as Sheriff of Douglas County, Nebraska, and DOUGLAS COUNTY, | ) Magistrate Judge Thomas D. Thalken |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

## AGREED CONFIDENTIALITY ORDER

The parties to this Confidentiality Order have agreed to the terms of this Order. The Court, having reviewed Parties' Joint Motion for Entry of a Qualified HIPAA Protective Order and for Entry of an Agreed Confidentiality Order finds that good cause is shown; accordingly, it is ORDERED:

1. The employment records, disciplinary records, and financial documents that may contain sensitive or non-public information regarding Plaintiff, Defendants, non-party witnesses, and non-party employees and agents of Defendants shall be marked "CONFIDENTIAL MATERIAL".

2. As used in this Order, "Sensitive or non-public information" shall mean information that relates to personal non-employment data contained in employee records, such as addresses, telephone numbers, social security numbers, personal financial data, family information, personal insurance information, or other private personal information.

3. Except as hereinafter provided or upon further order of this Court, no item in the employment records, disciplinary records, and financial documents that may contain sensitive or non-public information regarding Plaintiff, Defendants, non-party witnesses, and non-party employees and agents of Defendants or any description or summary of its contents may be revealed to any person or entity except to the parties in this action (including those law school interns, secretaries, and paralegals employed by the aforementioned, along with attorneys who are assisting counsel in this action and any person retained by Plaintiff or Defendants as an expert in this action) or to the Court.

4. It is the position of Defendant Timothy F. Dunning and Defendant County of Douglas, Nebraska that the definition of "sensitive or non-public information" shall include information regarding the identities of Douglas County Sheriff's Office employees who were subject to IA investigations that concluded with exoneration or as being unfounded.

Plaintiff does not agree to the blanket application of the principal defining "sensitive or non-public information" as including information regarding the identities of Douglas County Sheriff's Office employees who were subject to IA investigations that concluded with exoneration or as being unfounded. However, Plaintiff agrees to keep confidential those documents that are labelled confidential by the defendants unless the Plaintiff moves the Court for leave to release the document.

5. Each individual described in Paragraphs 3 and 4 above, to whom the employment records, disciplinary records, and financial documents that may contain sensitive or non-public information regarding Plaintiff, Defendants, non-party witnesses, and non-party employees and agents of Defendants are disclosed shall not disclose information or descriptions of the employment records, disciplinary records, and financial documents that may contain sensitive or non-public information regarding Plaintiff, Defendants, non-party witnesses, and non-party employees and agents of Defendants to any other individual, except as provided in the Parties' Joint Motion for Entry of a Qualified HIPAA Protective Order and for Entry of an Agreed Confidentiality Order, or use it for any purpose other than in connection with this action.

Before the employment records, disciplinary records, and financial documents that may contain sensitive or non-public information regarding Plaintiff, Defendants, non-party witnesses, and non-party employees and agents of Defendants may be disclosed to any person described in Paragraphs 3 and 4, above, he or she shall have first read this Order or shall have otherwise been instructed in his or her obligations under this Order by counsel for Plaintiff, counsel for Defendants, or Mr. Cooper.

6. The employment records, disciplinary records, and financial documents that may contain sensitive or non-public information regarding Plaintiff, Defendants, non-party witnesses, and non-party employees and agents of Defendants shall be viewed and/or used only for purposes of preparing and

presenting this case. The parties shall confer and attempt to agree, before any hearing, on the procedures under which confidential material may be introduced or otherwise used at depositions, trial, or in connection with motions to the Court. Absent agreement, the Court shall be asked to issue an order governing the use of the employment records, disciplinary records, and financial documents that may contain sensitive or non-public information regarding Plaintiff, Defendants, non-party witnesses, and non-party employees and agents of Defendants.

      7.    Any person receiving a copy of the employment records, disciplinary records, and financial documents that may contain sensitive or non-public information regarding Plaintiff, Defendants, non-party witnesses, and non-party employees and agents of Defendants as allowed herein shall maintain the copy in the same manner as the Parties' Joint Motion for Entry of a Qualified HIPAA Protective Order and for Entry of an Agreed Confidentiality Order requires of the originally provided material. All copies of the material shall be considered to be included within the term "confidential material" as used in the Parties' Joint Motion for Entry of a Qualified HIPAA Protective Order and for Entry of an Agreed Confidentiality Order and possession and use of any copy shall be subject to the terms of this Order to the same extent as the originally provided material.

      8.    At the conclusion of this case all employment records, disciplinary records, and financial documents that may contain sensitive or non-public information regarding Plaintiff, Defendants, non-party witnesses, and non-party employees and agents of Defendants, including all copies received pursuant to this

Order, shall be returned to counsel for the party responsible for originally producing the material unless otherwise ordered by the Court.

9. This Order shall not terminate upon the conclusion of this action but shall continue until the further order of the Court.

10. The Court may impose sanctions with respect to any person or entity improperly granting access to material subject to this Order.

So ORDERED this 26th day of August, 2016.

_____
U.S. ~~District~~ Magistrate Judge

| | |
|---|---|
| WE SO MOVE<br>and agree to abide by the<br>terms of this Order | WE SO MOVE<br>and agree to abide by the<br>terms of this Order |
| /s/ Timothy K. Dolan<br>*Counsel for Defendant Timothy F. Dunning and Defendant County of Douglas, Nebraska* | /s/ Mark Loevy-Reyes<br>*Counsel for Plaintiff* |
| Dated: August 26, 2016 | Dated: August 26, 2016 |
| William Rooney<br>Timothy K. Dolan<br>Meghan M. Bothe<br>Deputy Douglas County Attorney's Office<br>909 Civic Center<br>Omaha, Nebraska 68183<br>(402) 444-7622 | Arthur Loevy<br>Jon Loevy<br>Cindy Tsai<br>Mark Loevy-Reyes<br>LOEVY & LOEVY<br>311 N. Aberdeen St., 3rd Floor<br>Chicago, IL 60607<br>(312) 243-5900 |

WE SO MOVE
and agree to abide by the
terms of this Order

/s/ Cory Cooper
*Appearing pro se*

Dated: August 26, 2016

Mr. Cory Cooper
10212 V Street
Omaha Nebraska 68127

6