# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MEGAN MCGUIRE,<br><br>        Plaintiff,<br><br>vs.<br><br>CORY COOPER,<br>TIMOTHY F. DUNNING, individually<br>and in his official capacity as<br>Sheriff of Douglas County, Nebraska,<br>and DOUGLAS COUNTY,<br><br>        Defendants. | 8:16CV04<br><br>ORDER |

    This matter is before the court on Megan McGuire's (McGuire) Motion to Compel Complaint Documents (Filing No. 57) and Second Motion to Compel Complaint Documents (Filing No. 61). McGuire seeks to compel discovery regarding complaints of sexual misconduct against law enforcement officers; improper use of in-car video systems; improper searches and seizures; and improper physical contact. McGuire filed indexes of evidence attached to the motions. Timothy F. Dunning, individually and in his official capacity as Sheriff of Douglas County, Nebraska, and Douglas County (collectively Douglas County) filed briefs (Filing Nos. 62 and 65) and indexes of evidence (Filing Nos. 63 and 66) opposing the motions. McGuire filed briefs (Filing Nos. 64 and 69) and additional evidence either attached (Filing No. 64) or as a separate index (Filing No. 70). Cory Cooper (Cooper) did not participate in briefing.

## BACKGROUND

    On February 10, 2013, then Douglas County Sheriff's Office (DCSO) Deputy Cooper sexually assaulted McGuire after placing her in the backseat of his patrol cruiser, which was parked at Zorinsky Lake Park. **See** Filing No. 1 - Complaint ¶¶ 8-26. Subsequently the DCSO and Omaha Police Department investigated the assault. *Id.* ¶ 29. McGuire alleges Cooper falsified police reports regarding his location; however, the patrol cruiser's GPS system confirmed he was at the park. *Id.* ¶ 30. On June 10, 2013, Cooper was charged with first-degree sexual assault and attempted tampering with evidence. *Id.* ¶ 32. On April 17, 2014, Cooper pleaded no contest to third degree

assault and was sentenced to six months in jail. *Id.* ¶ 30. Based on the assault and surrounding events, McGuire filed this lawsuit, pursuant to 42 U.S.C. § 1983, alleging the defendants violated her constitutional rights. *Id.* at 1. Specifically, McGuire alleges four claims for relief. First, McGuire asserts the defendants violated her Fourth Amendment right to be free from unreasonable search and seizure with malice, willfulness, and reckless indifference pursuant to DCSO policies or practices, including failure to adequately train, supervise, and control officers, and failure to adequately investigate, punish, and discipline prior instances of unconstitutional misconduct against citizens. *Id.* at 5-6. Second, McGuire alleges the defendants, motivated by gender animus, denied her equal protection of the law, causing her emotional distress and anguish. *Id.* at 6-7. Third, McGuire alleges the defendants abridged her right to due process by engaging in arbitrary government action depriving her of her liberty in a manner so malfeasant as to shock the conscience. *Id.* 7-8. Finally, McGuire seeks indemnification from Douglas County for any compensatory damages award against Cooper under Nebraska law. *Id.* at 8. After their motion to dismiss was denied, Douglas County filed an answer denying liability for McGuire's claims. **See** Filing No. 30 - Answer.

McGuire seeks discovery from Douglas County regarding complaints of law enforcement officers' (1) improper use of in-car video systems; (2) improper searches and seizures; (3) improper physical contact; and (4) sexual misconduct, including misconduct by corrections officers. **See** Filing Nos. 57 and 61. McGuire contends Douglas County's responses to these types of complaints relates to her constitutional claims stemming from policies and practices resulting in systemic failures in officer training and supervision leading Cooper to abuse his power to assault her. **See** Filing No. 16 p. 1. More specifically, McGuire alleges that although Douglas County's written policy required male officers to use in-car video systems during stops involving female detainees, the evidence suggests no supervisor enforced the policy and Cooper violated the policy when he assaulted McGuire and another woman, in separate incidents. **See** Filing No. 57 - Motion p. 3. Similarly, McGuire states she has a "strong suspicion" Douglas County was on "clear notice that its officers had a pattern of violating constitutional rights, yet created a system to shield those officers from

accountability." *Id.* at 5. In support, McGuire asserts the evidence disclosed to date indicates Cooper snuck up on people in parked cars in public parks, sometimes resulting in searches. *Id.* Cooper was commended for this conduct, which he thought was appropriate an acceptable. *Id.*

Douglas County denies the discovery requests are relevant and argues the requests are overly broad and unduly burdensome. **See** Filing No. 62 - Response p. 5, 7, and 12; Filing No. 65 - Second Response p. 10. Additionally, Douglas County argues the request for complaints of improper physical contact is vague and ambiguous. **See** Filing No. 62 - Response p. 12. Douglas County agrees evidence of a pattern of sexually assaultive misconduct amongst Sheriff Dunning's subordinates is relevant; Douglas County resists production of documents for personnel not subordinate to Sheriff Dunning or constitutional conduct dissimilar to that alleged in the complaint. **See** Filing No. 62 - Response p. 14; Filing No. 65 - Second Response p. 10.

## ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" ***WWP, Inc. v. Wounded Warriors Family Support, Inc.***, 628 F.3d 1032, 1039 (8th Cir. 2011) (alteration in original) (**quoting** Fed. R. Civ. P. 26(b)(1)). Accordingly, relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978); **see** Fed. R. Civ. P. 26(c)(1). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity the information they hope to obtain and its importance to their case. **See *Cervantes v. Time, Inc.***, 464 F.2d 986, 994 (8th Cir. 1972). Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule

requires the entity answering or producing the documents to bear that burden." *Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted). The court has authority to limit the scope of discovery. *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003).

A.   **In-Car Video System Complaints**

McGuire seeks:

> all documents that relate in any way to any complaint, charge, accusation, disciplinary proceeding by any supervisor at DCSO, from 2008 to 2013 that an officer, supervisor, or other employee of the DCSO improperly used any in-car video system, failed to use any in-car video system, or failed to save video evidence from any in-car video system.

**See** Filing No. 57 - Ex. 1 Request for Production (Second Set) No. 2.

McGuire contends Cooper's *modus operandi* of stopping women without using his in-car video system supports her request. **See** Filing No. 57 - Motion p. 3. Further, McGuire argues the discovery is relevant to whether Douglas County had notice of the officer's noncompliance with departmental policy of using the cameras and taking meaningful steps to train, supervise, and discipline officers regarding such ill-use. *Id.* Finally, McGuire argues Douglas County's practice of allowing the ill-use "caused . . . Cooper to believe he could get away with not using the in-car video and with sexually assaulting Plaintiff in his police vehicle." *Id.* at 4.

Douglas County seeks to limit the requests to sexual misconduct. **See** Filing No. 62 - Response p. 5-6. Douglas County argues failure to use an in-car video system does not, by itself, constitute a constitutional violation and would not provide notice of sexually abusive conduct. *Id.* at 6. Further Douglas County states, "there is no indication whatsoever that other alleged incidents involved any claim of sexual misconduct or other unconstitutional misconduct." *Id.* at 7. Douglas County relies on the reasoning in *S.M. v. Krigbaum*, 808 F.3d 335 (8th Cir. 2015).

In *Krigbaum*, a county sheriff's department lieutenant sexually assaulted female drug court participants. *S.M. v. Krigbaum*, 808 F.3d 335 (8th Cir. 2015). The Eighth Circuit Court of Appeals reversed a lower court's decision denying the sheriff qualified

4

immunity for failure to supervise and determined the sheriff lacked notice of a pattern of unconstitutional conduct when the only evidence was the lieutenant took the drug court participants out of jail to smoke cigarettes. *Id.* at 341. The *Krigbaum* court held smoke breaks, a jail policy violation, were not portentous indications giving rise to actual notice of substantive due process violations. *Id.* The sexual assaults had no connection whatsoever with the smoking, rather the assaults occurred when the lieutenant transported the participants as part of other duties. *Id.* at 338-39. Douglas County's reliance on *Krigbaum* is misplaced.

A plaintiff "must prove [the official] personally knew of the constitutional risk posed by [his] inadequate training or supervision. . ." *Walton v. Dawson*, 752 F.3d 1109, 1116 (8th Cir. 2014). Further, "an 'official must both be aware of facts from which the inference could be drawn that a substantial risk of [unconstitutional] harm exists, and he must also draw the inference.'" *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Unlike the arguably benign policy violation in *Krigbaum*, the Eighth Circuit has found other policy violations to support official liability. In *Walton*, the Eighth Circuit determined failure to lock jail cell doors at night, a policy violation, created an obvious and known risk of harm to inmates. *Walton*, 752 F.3d at 1120. The *Walton* court noted there were a multitude of options left open to the officials in terms of what policies to adopt; however, they could not create an unconstitutional safety risk to detainees. *Id.*

Neither *Walton* nor *Krigbaum* addressed discovery limitations, nevertheless they assist the court in defining the boundaries for relevant discovery. Relevant discovery for purposes of McGuire's action need not be limited to Douglas County's narrow interpretation or determination "there is no indication whatsoever that other alleged incidents involved any claim of sexual misconduct or other unconstitutional misconduct." **See** Filing No. 62 - Response p. 7. The discovery process allows the parties equal access to any nonprivileged matter that is relevant, not necessarily admissible, to any party's claim or defense and proportional to the needs of the case. This is particularly important where discovery appears reasonably calculated to lead to the discovery of admissible evidence. Under the circumstances present and McGuire's allegations, the court finds complaints regarding in-car video system violations are relevant. This type of policy violation aligns more closely to the violations in *Walton*

5

than *Krigbaum*. Like the events in *Walton*, the type of harm to be avoided by enacting the policy occurred when individuals evaded the policy. Whether additional DCSO in-car video system violations ultimately indicate Douglas County knew the policy created a substantial risk of unconstitutional harm need not be determined at this time. McGuire has met her burden of describing with a reasonable degree of specificity the information she hopes to obtain from the in-car video system policies violations and its importance to her case. Douglas County fails to substantiate its objections.

By contrast, McGuire's requests for all documents relating to any complaint against DSCO based on allegations of improper search, seizure, and improper physical contact are overly broad. McGuire fails to suggest how such imprecise categories of documents are meaningfully relevant to any party's claim or defense and proportional to the needs of the case. Douglas County states it has provided all such complaints with "any sort of sexual element," that is "complaints of improper contact of a sexual nature, whether verbal or physical." **See** Filing No. 62 - Response p. 12, 13. Accordingly, the court finds Douglas County need not supplement its discovery responses to include production of the overly broad categories of documents sought by McGuire.

**B.     Production Regarding Corrections Officers**

McGuire seeks production of citizen complaints of improper sexual contact by any Douglas County employee who had the ability to exercise government power over citizens. **See** Filing No. 61 - Second Motion p. 2. McGuire contends Douglas County's constriction of the request to the Douglas County Sheriff's Office is unduly narrow. *Id.* at 3. McGuire argues the request is appropriately tailored to prove policy or custom liability for several reasons. *Id.* First, McGuire asserts the corrections officers and deputy sheriffs receive the same training about sexual harassment, which, if it results in an abuse of power leading to sexual misconduct, is relevant to Douglas County's potential liability. *Id.* Second, McGuire notes Cooper previously worked as a corrections officer "giving him knowledge that employees could abuse law enforcement authority without fear of supervision based on Defendant Douglas County's practices and customs." *Id.* McGuire suspects the evidence would show the common sexual harassment training was inadequate at both locations to deter abuse of power and

6

sexual misconduct occurred, providing notice to Douglas County. *Id.* Third, McGuire suggests the DCSO would have been on notice of sexual misconduct by virtue of its officers investigating complaints and direct communication between policymakers at the Department of Corrections. *Id.* at 4. Finally, McGuire argues corrections officers are "similarly situated employees" because, like deputy sheriffs, they are empowered to compel citizen compliance. *Id.*

McGuire fails to show complaints of improper sexual contact by corrections officers appears reasonably calculated to lead to the discovery of admissible evidence. The Douglas County Sheriff has no authority to make employment-related decisions for the Douglas County Department of Corrections (DCDC). **See** Filing No. 66 - Ex. 2 Dunning Aff. ¶¶ 9-15. DCSO and DCDC do not share common policymakers. *Id.* Although Cooper may have been a corrections officer, his prior employment or prior employer's policies have no bearing on Douglas County's liability in this case. McGuire's request for production outside DSCO to include any Douglas County employee is overly broad. Accordingly, McGuire's Second Motion to Compel will be denied.

**IT IS ORDERED**:

1. Megan McGuire's Motion to Compel Complaint Documents (Filing No. 57) is granted, in part, and denied, in part. Douglas County shall have until **January 25, 2017**, to supplement production in response to McGuire's request for in-car video system violation complaints. The motion to compel is denied in all other respects.

2. Megan McGuire's Second Motion to Compel Complaint Documents (Filing No. 61) is denied.

Dated this 30th day of December, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge