IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MEGAN MCGUIRE,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>CORY COOPER, TIMOTHY F. DUNNING, Individually and in his official capacity as Sheriff of Douglas County, Nebraska; and DOUGLAS COUNTY,<br><br>　　　　　　Defendants. | **8:16CV4**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on twelve motions in limine filed by Plaintiff, Megan McGuire, Filing No. 135, and nine motions in limine filed, jointly, by Defendants Timothy F. Dunning and Douglas County, Filing No. 142. Each party submitted a brief(s) in support of their motions. Filing Nos. 136, 137, 138, 139, 140, 141 (plaintiff's briefs), Filing No. 143 (defendants' joint brief). The parties also submitted reply briefs which the court has reviewed.

The motion in limine provides an important tool for trial judges to ensure "expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child and Family Services*, 115 F.3d. 436, 440 (7th Cir. 1997). The motions serve as a gatekeeping function that permits a trial judge to exclude or eliminate inadmissible evidence submissions that ought not be presented to a jury. *Id.* Not all submissions can be accurately or sufficiently evaluated in this procedural environment. *Id.* In which case, the judge can defer ruling until during trial, when the trial judge can better understand the impact of the evidence on the jury. *Id.* The Eighth Circuit has

deemed that, "[e]videntiary rulings made by a trial court during motions in limine are preliminary and may change depending on what actually happens at trial." *Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1113 (8th Cir. 2000).

### *Plaintiff's Motions in Limine, Filing No. 135*

1. McGuire first moves to exclude non-party witnesses from trial during the testimony of other witnesses under Fed. R. Evid. 615. Also, defendants request that their expert, Mr. John Ryan, be present in the court room during the testimony of Mr. Thomas Tremblay, plaintiff's expert witness. Rule 615 mandates that a non-party witness is prohibited to be in the courtroom to hear any other witness testify if a party so requests or the court independently orders the same. *United States v. Engelmann*, 701 F.3d 874, 877 (8th Cir. 2012). However, it is an established principle that despite Rule 615, experts may be present in the courtroom during the testimony of the opposing party's expert witness, particularly where the presence of the expert is shown to be essential to the presentation of the parties' case. *Zeigler v. Fisher-Price, Inc.*, 302 F.Supp.2d 999, 1017 (N.D. Ia. 2004).

The court finds that under Fed. R. Evid. 615(b) the county defendants are entitled to a representative designated to remain present throughout the trial, even if this representative is a witness in the trial. The court will also permit John Ryan to attend court during the testimony of Thomas Trembly, as the presence of the expert is essential. The court will not permit nonparty witnesses to sit in the courtroom during trial.

2. Plaintiff's second motion seeks exclusion for undisclosed witnesses. The plaintiff argues that any witness not disclosed under Fed. R. Civ. P. 26 should be excluded from testifying. McGuire contends that she sought extensive discovery about all evidence

2

that defendants may introduce and if undisclosed witnesses are permitted to testify, it would be a classic case of trial by ambush. The defendants argue they are not required to supplement the disclosed witnesses unless the parties wish to call witnesses whose identities were not earlier disclosed. *See* Fed. R. Civ. P. 26(e)(1)(A).

The Federal Rules seek to prevent trial by ambush, therefore, any witness whose identity was not disclosed in written discovery or deposition testimony are excluded from trial. Fed. R. Civ. P. 26. *Pasley v. United Air Lines, Inc.*, No. 4:10CV1128 RWS, 2011 WL 4014391 at *6 (E.D. Mo. Sept. 9, 2011). If defendants fail to provide information or identify a witness as required by Rule 26, defendants "will not be allowed to use the information or witness to supply evidence . . . unless the failure was substantially justified or was harmless." *Id. See* Fed. R. Civ. P. 37(c)(1). Since the witness lists were not filed at the time of this motion, the court will deny the motion, subject to reassertion if in fact witnesses are listed that were not previously disclosed to the plaintiff.

3. Third, McGuire moves to exclude any reference to plaintiff's counsel as being from "out-of-town." McGuire argues that said information is irrelevant and would inappropriately appeal to any jurors who tend to favor local attorneys. However, during the process of voir dire, the court inquires whether potential jurors know of, or have done business with the attorneys or their firms. *Ribeiro v. Baby Trend, Inc.*, No. 8:12CV204, 2017 WL 1393088 at *7 (D. Neb. April 17, 2017). It is an established principle that the firms' locations are necessarily a part of the inquiry. *Id.* Beyond voir dire, defense counsel may not refer to plaintiff's counsel as being from "out-of-town" during the presentation of their arguments, without permission from the court.

4. McGuire's fourth motion in limine seeks to bar any party from introducing

evidence or argument about: (1) McGuire's criminal history, including any prior arrest(s); and (2) any substance use or abuse by McGuire. In a supplemental brief, Filing No. 136, plaintiff argues that her alleged prior bad acts are barred. *See* Fed. R. Evid. 404(a)(1). Defendants claim that this information is relevant to a material issue due to the nature of the claims asserted by McGuire. The court agrees with the plaintiff. The types of information that defendants want to use is remote, highly prejudicial, irrelevant to the material issues in the case, and not permissible under Fed. R. Evid. 404(b). *See United States v. Williams*, 796 F.3d 951, 958 (8th Cir. 2015) (quoting *United States v. Bassett*, 762 F.3d 681, 687 (8th Cir. 2014); *United States v. Robinson*, 639 F.3d 489, 494 (8th Cir. 2011)).

Any evidence of a crime or act used "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character" is not admissible. *Bassett*, 762 F.3d at 686; *United States v. Jackson*, 856 F.3d 1187, 1191 (8th Cir. 2017). Any evidence offered for purposes against Rule 404(a)(1) is not admissible. *Williams*, 796 F.3d at 958 (citations and quotations omitted). Plaintiff insists that defendants would seek to accomplish this through the bad acts evidence they elicited against plaintiff. Evidence of prior bad acts is admissible if, among other requirements, "it is relevant to a material issue" and "its potential prejudice does not substantially outweigh its probative value." *Id.* at 959 (citations and quotations omitted). Further, the risk of unfair prejudice to the plaintiff substantially outweighs the probative value of this evidence. "Though all Rule 404(b) evidence is inherently prejudicial, the test . . . is whether its probative value is substantially outweighed by the danger of unfair prejudice." *United States v. Cook*, 454 F.3d 938, 941 (8th Cir. 2006). The plaintiff's prior bad acts are wholly

4

irrelevant to the issue in this case. There is no probative value or evidence of McGuire's prior commission of crimes or wrongs because she is not the one on trial. At risk of inherent danger, the defendant is barred from introducing or referencing evidence regarding plaintiff's prior bad acts.

To the extent that defendants want to introduce plaintiff's previous experiences as an indication of her mental or emotional health prior to this incident, such evidence is generally not admissible. However, plaintiff concedes it might have some bearing on her fragility at the time of the sexual assault. Consequently, the court will defer its ruling until such time as the evidence is presented at trial.

5. Next, plaintiff moves to bar prior bad acts, arrests, and convictions of third-party witnesses as well as questioning about their mental health care. Plaintiff argues that defense counsel should not refer to witnesses' prior bad acts or mental health care because it is irrelevant to the proceedings; therefore, inadmissible under Fed. R. Evid. 404(b). Defendants argue that they intend to remain within the scope of Fed. R. Evid. 609 when impeaching witnesses with evidence of criminal convictions. The court generally agrees with the plaintiff. However, the court will consider this testimony and evidence as it arises during trial.

6. Plaintiff next moves to admit evidence of defendant Cooper's contemporaneous acts of sexual misconduct, committed between January and through April 2013. Cooper allegedly had at least three contacts with young individuals having sex in vehicles, according to plaintiff. Plaintiff contends that these acts are admissible to support her *Monell* claim. Thus, she argues, it is not subject to Fed. R. Evid. 404(b)(1). Similar complaints, argues plaintiff, shows a failure to supervise, investigate and discipline

5

its officers. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 694 (1978). In addition, plaintiff intends to offer this evidence in support of her claim for punitive damages. This evidence, she contends, is admissible to show "another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident." Fed. R. Evid. 404(b)(2). The court is unable to make a decision based on a motion in limine. The court will allow the evidence to proceed, and the defendants may make their motion during trial when appropriate. The court will rule on it at that time.

Defendants ask the court to prohibit the plaintiff from using the term "sexual misconduct". The court agrees that such wording can mislead the jury. The court instructs plaintiff to not so designate the conduct of defendant Cooper in that way.

7.  Plaintiff next moves to admit evidence of prior complaints of sexual misconduct made to the Douglas County Sheriff's Office regarding its officers, prior to February 10, 2013. Sheriff Dunning, argues plaintiff, is notified of every citizen complaint. Plaintiff contends that there are numerous examples of sexual misconduct that were known to Dunning, yet, no additional training or requirements were enforced. Again, the court will listen to the testimony as it progresses through the trial. The court must listen to the foundation and further testimony and evidence prior to making a final determination in this regard. However, for the record, at this point the court leans toward allowing some if not all of this evidence into the trial. The instances of sexual misconduct that were either not investigated or a failure to have appropriate responses to such behaviors seem relevant to the response by the Sheriff. *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996) (outlining required elements of a § 1983 claim for failing to investigate complaints);

*see also Mettler v. Whitledge*, 165 F.3d 1197, 1205 (8th Cir. 1999) ("Evidence that a police department has failed to investigate previous incidents similar to the incident in question may support a finding that a municipal custom exists, and that such a custom encourages or allows officers to use excessive force without concern for punishment."). The court notes, however, that negligent failure to detect and prevent a subordinate's misconduct will not yield § 1983 liability. *Ripson v. Alles*, 21 F.3d 805, 809 (8th Cir. 1994).

      8.     Plaintiff moves to bar certain opinion testimony from the county defendant's proffered expert, John Ryan, wherein he admits there is no evidentiary foundation for his testimony. Plaintiff contends that Ryan admitted he only read the documentation of these investigations, and he did not perform an individual investigation. He apparently did not review the recorded interviews. A motion in limine is not a good method for attacking an expert. The court must again hear the evidence as it is presented. This issue goes to foundation. If Ryan cannot sufficiently establish a foundation for his opinions, they will not be permitted into evidence. In accordance with Fed. R. Evid. 702, the court will make this determination at trial. Under this Rule, the trial court as gatekeeper "ensure[s] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993).

      9.     Plaintiff asks the court to control the conduct of defendant Cooper, as he is appearing pro se, and order that his testimony be elicited through a question and answer format rather than a narrative. Plaintiff is particularly concerned about being cross-examined by the man who sexually assaulted her. The plaintiff wants the court to examine a list of questions presented by Cooper and then have the approved questions read by another member of the staff. The court will permit Cooper to ask plaintiff questions.

However, Cooper must do so with total respect and courtesy. If the court determines otherwise, it will take the appropriate action at that time.

Plaintiff also requests that Cooper be required to conduct his own question and answer format but not in a narrative format. *See United States v. Beckton*, 740 F.3d 303, 306 (4th Cir. 2014) (trial court's decision to require pro se defendant to present his testimony in question-and-answer format was "eminently reasonable" and fair to all parties). The court will require Mr. Cooper to prepare a list of questions. He will read the question and then give his answer. His questions and arguments cannot lead to long narratives and must generally comply with the Federal Rules of Evidence.

10. Plaintiff moves the court to bar inadmissible evidence regarding sexual misconduct of the victims under Fed. R. Evid. 412. The court notes that defendants state that they do not intend to question the other witnesses regarding their sexual histories. These are pattern witnesses, and the court will generally not permit sexual type evidence against the witnesses. If, however, the defendants feel that there is specific evidence that will not run afoul of Rule 412, counsel may bring it to the attention of the court prior to introducing it. The court will rule on it at that time.

11. Plaintiff asks this court to prohibit references to "hit the lottery" or "unjust enrichment" as it relates to any award plaintiff might receive in this case. *See Ribeiro v. Baby Trend, Inc.*, No. 8:12CV204, 2017 WL 1393088 at *12 (D. Neb. April 17, 2017). The court agrees and it appears that defendants do not intend to make such statements. They do ask to share deposition testimony where, when asked, McGuire stated her thoughts on damages. Prior to the admission of that testimony, the court asks the defendants to so notify the court. The court will permit argument at that time.

8

12. Finally, plaintiff asks this court to bar any appeal regarding taxpayers paying for any judgment against defendants Dunning and Douglas County under Fed. R. Evid. 402 and 403. See *U.S. ex rel. Health Dimensions Rehabilitation, Inc. v. RehabCare Group, Inc.*, No. 4:12CV00848 AGF, 2013 WL 5340910 at *2 (E.D. Mo. Sept. 23, 2013) (granting motion in limine to bar appeal to taxpayers' interest). See also *Wagner v. Jones*, 899 F.Supp.2d 835, 838-39 (S.D. Iowa 2012) (entering agreed order barring the taxpayer argument). All such arguments that appeal to the jurors as taxpayers should be barred under Rules 402 and 403. County defendants indicate they do not intend to appeal to the taxpayers' pecuniary interest.

### ***Defendants' Motions in Limine, Filing No. 142***

1. "Pre-February 10, 2013 instances of conduct amongst Douglas County Sheriff's Office ("DCSO") employees that allegedly involved some sexual component or overtones but for which there has been no determination by this Court (or any other court) that the conduct rose to the level of violating substantive due process." The court has already ruled on this issue. *See* pages 6-7, ¶ 7.

2. "Dunning or Douglas County having "notice" of a need for more or different training and supervision." Again, the court will permit this testimony as it relates to training and supervision. Those issues are central and material in this case. To the extent a particular piece of evidence or testimony is objectionable, it can be raised during trial.

3. "The IACP's overly broad definition of 'sexual misconduct.'" The court will address this issue after additional foundation is laid and hear argument at that time.

4. "The IACP-style training and supervision to be on the lookout for behaviors that may be warning signs that a law enforcement officer may be engaging in or at risk of

9

engaging in "sexual misconduct." The court will address this issue after additional foundation is laid and hear argument at that time.

5. "Cooper's allegedly 'voyeuristic' behavior from January 1, 2013, until Cooper's sexual assault of Ms. McGuire on February 10, 2013." The court will address this issue after additional foundation is laid and hear argument at that time.

6. "Prior or subsequent instances of conduct amongst DCSO employees that allegedly involved some sexual component or overtones but were either too remote in time to constitute part of a pattern or practice of substantive due process violations or occurred after Cooper's sexual assault upon Ms. McGuire." The court has already addressed this issue herein. See pages 6-7, ¶ 7.

7. "'Golden Rule' arguments framed as references to or arguments about 'public safety' or 'community safety.'" The court will address this issue after additional foundation is laid and will hear argument at that time.

8. "Other claimed 'victims' of Cooper." The court has already addressed this issue. See pages 5-6, ¶ 6. In addition, this information may be germane to the issues of duty to train and supervise. The court will hear the evidence and determine on a witness by witness basis whether to allow all of the evidence.

9. "Alleged investigation of, or misconduct by, Mr. Ryan in connection with his employment at the Providence Police Department and his invocation of the Fifth Amendment." The court is unsure of the relevance of this evidence. However, the court will await this issue prior to the testimony. Counsel are instructed to discuss the same with the court, prior to submitting the evidence.

THEREFORE, IT IS ORDERED THAT:

1. Plaintiff's motion in limine, Filing No. 135, is granted in part and denied in part as set forth herein.

2. Defendants' motion in limine, Filing No. 142, is granted in part and denied in part as set forth herein.

Dated this 16th day of August, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge